Chief Judge Wachtler
(dissenting). I join Judge Hancock in dissent and concur with his reasoning. I would but add these additional reasons for my conclusion that the provision in issue does not violate public policy.
DR 2-108 (A) provides that "[a] lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts [his] right * * * to practice law after the termination of a relationship created by the agreement, except as a condition to payment of retirement benefits.” (Emphasis added.) The plain import of the highlighted language is that the payment of retirement benefits can be conditioned on a restriction of the lawyer’s right to practice law after termination of the partnership relationship.
I regard article tenth (B) (d) of the agreement between these parties as falling squarely within the "retirement benefits” exception. The majority answers that article tenth (B) (d) concerns "departure compensation”, and that such compensation cannot be considered retirement benefits within the meaning of DR 2-108 (A) for three reasons: (1) retirement benefits, so-denominated, are governed by a separate section of the partnership agreement; (2) under the agreement, departure compensation is paid over three years, while retirement benefits are paid over the lifetime of the retiring partner; and (3) equating departure compensation with retirement benefits would broaden the exception to such an extent that the rule would be negated (majority opn, at 100).
As to the first two considerations, while they may be relevant in determining whether the benefits in issue are retirement benefits within the meaning of the agreement, they have no bearing on whether they are retirement benefits within the meaning of DR 2-108 (A). It makes little sense to think that the drafters of the disciplinary rule would have the validity of such an agreement turn on the placement of the clause or the duration of the benefit. If those are the only obstacles to enforcement of this agreement, they are so easily circumvented by simple changes in drafting that they cannot possibly be based on public policy considerations.
For example, the majority’s reasoning in this regard sug *112 gests that the agreement would be enforceable if the benefits in issue were denominated retirement benefits or if the payments were spread out over a greater length of time, or both. It also suggests that a retirement benefit could not be made contingent on actual retirement if it were payable as a lump sum instead of over the lifetime of the beneficiary.
Nowhere in this analysis are the public policy roots of such distinctions made apparent. It is not clear to me how clients will be better served by having the validity of agreements like this governed by such distinctions.
The majority would also exclude departure compensation from the scope of retirement benefits on the ground that the exception would be too broad otherwise. But this is true only if it is assumed that restrictive agreements concerning the payment of financial benefits are prohibited by the disciplinary rule. That premise cannot be assumed; it is the core issue in this case.
In my view, the "retirement benefits” exception to DR 2-108 (A) means simply that laywers can agree to make the payment of financial benefits, otherwise payable upon termination of the partnership relationship, contingent upon retirement. Thus understood, retirement benefits are, quite simply, those payable only upon retirement. That plaintiff is not retiring from the practice of law does not mean that the benefits he claims cannot be considered retirement benefits; it means instead that, under the agreement, he is not entitled to the benefits. If the exception for retirement benefits could not be invoked in any case where a withdrawing partner does not wish to retire, then it can never be invoked. The only purpose the exception can possibly serve is to allow a firm to withhold benefits from a withdrawing partner who intends to continue the practice of law.
It is true that article tenth (B) (d) is not contingent on total retirement, but rather on retirement from practice in certain jurisdictions. But the fact that it is less restrictive than permitted should not be a reason for its invalidity.
Finally, this interpretation of the exception would not swallow the rule. It simply means that the rule does not invalidate an agreement to forego departure compensation. The rule would still apply to prohibit enforcement of a restrictive covenant that proscribed the practice of law or representation of particular clients, for example.
For these reasons and those stated by Judge Hancock, I dissent.
*113 Judges Simons, Kaye, Alexander and Titone concur with Judge Bellacosa; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Chief Judge Wachtler concurs in another separate dissenting opinion.
Order reversed, etc.